[No. 3,516.]

DANIEL BROWN v. JOSHUA BRACKETT ET AL.

THE PLAINTIFF IN EJECTMENT MUST SHOW THE DEFENDANT IN POS-SESSION.—It is indispensable to a recovery in ejectment that the plaintiff should prove that at the commencement of the suit the defendant was in possession of some portion of the land to which the plaintiff establishes a title.

NECESSARY PROOF IN EJECTMENT.—If the plaintiff in ejectment relies on a confirmed Mexican grant as his source of title, he must prove that the demanded premises are included within the decree of confirmation.

EFFECT OF CONFIRMATION OF PART OF MEXICAN GRANT.—A confirmation of a portion of a Mexican grant to a purchaser of such portion from the grantee, does not have the effect of confirming to the grantee and purchasers from him the entire grant.

APPEAL from the District Court of the Seventh Judicial District, County of Marin.

Ejectment for a tract of land described in the complaint as follows:

"Beginning on the northerly line of the Rancho Corte Madera de Novato, as surveyed and patented to John Martin deceased, distant seventeen chains north, thirty-six and one quarter degrees west, from a post at the commencement of course number eleven, called for in said survey;

thence north along the west line of sections numbers thirty-one, thirty, and nineteen, township four north, range seven west, Mount Diablo base and meridian, as surveyed and established by G. H. Thompson, United States Deputy Surveyor, November 7th, 1866, one hundred and thirty-five chains, to a stake set on the center of the west line of said section nineteen as the half-mile stake in its subdivision; thence south eighty-seven and a half degrees west, ninety-eight chains fifty links; thence south seventy-seven and three-quarter degrees west, forty-five chains fifty links; thence north eighty-five and three-quarter degrees west, twenty-nine chains; thence north fifty-nine and a quarter degrees west, eighty-three chains; thence south eighty-two and a half degrees west, one hundred and twenty-four chains; thence south sixty-four and a quarter degrees west, sixty-one chains, to the commencement of course number six, as called for on the north line of Robert C. Matthewson's survey of the said Rancho Soulajulle, made in August, 1859; thence, with said Matthewson's said survey, north twelve degrees west, eighty-five chains seventy links, to post in a group of rocks as called for in said survey; thence north sixty-seven and three-quarter degrees west, fifty chains, to post in stone mound also called for in said survey; thence south eighty-eight and a quarter degrees west, sixty chains and twenty links, to a stone mound also called for in said survey; thence south forty-four and three-quarter degrees west, twenty-eight chains, to a stone mound also called for in said survey; thence north sixty-four degrees west, one hundred and two chains sixty links, to a post in a stone mound also called for in said survey; thence north eighty-three and a half degrees west, forty-one chains and forty links, to a post in mound called for in said survey; thence south sixty-six degrees west, twenty-one chains, to post in mound as called for in said survey; thence south twenty and a quarter degrees west, seventy-three chains, to a post in stone mound (high knoll,

group of rocks) also called for in said survey; thence south thirty-five and a half degrees east, ninety chains eighty links, to post in stone mound also called for in said survey; thence south fifty-one degrees east, two hundred and ten chains twenty links, to post in mound with trenches, as also called for in said survey; thence south sixty-four degrees east, one hundred and eighty chains, to a post as called for in said survey; thence south forty-four degrees east, one hundred and sixty chains, to post as called for in said survey; thence north sixty-six and a half degrees east, one hundred and sixty chains, to post set for the southeast corner of said Rancho Soulajulle also called for in said survey; thence north thirty-four and a half degrees east, two hundred and thirty-two chains thirty links, to post set for the northwest corner of the Rancho Corte Madera de Novato; thence along the northerly line of said Rancho Corte Madera de Novato south thirty-six and a quarter degrees east, one hundred and six chains eighty links, to the place of beginning."

The complaint alleged that the land was granted by the Mexican Government to Ramon Mesa on the 29th day of March, 1844, by the name of Soulajulle, and that the grant had been adjudged to be a valid claim by the proper authorities of the United States, under the provisions of the Act of Congress of March 3d, 1851, and that said tract so declared valid was bounded and described as follows:

[The boundaries thus described are found in the opinion.]

There were twenty-five defendants who answered in several separate answers denying plaintiff's title, or that he was entitled to the possession of the land, and denying ouster. The answers admitted that the several defendants were in possession of separate parcels of the general tract described in the complaint, describing such separate parcels. The answers also denied that the grant had been declared valid.

On the trial the plaintiff introduced in evidence the grant by Micheltorena, Governor of California, to Ramon Mesa, dated March 29th, 1844, in which the land was described as "the place known by the name of Soulajulle, bounded by the Laguna de San Antonio, by the tract of land named Nicasio, and by rancho of Don Juan Martin." The plaintiff also offered in evidence a deed of the grant from Mesa to Walter Skidmore, dated August 6th, 1855; and a deed from Walter Skidmore to Walter A. Skidmore, for the same land, dated December 12th, 1859; and a deed of the same land from Walter A. Skidmore to H. C. Lillie, dated October 3d, 1860; and a deed from Lewis Lillie, H. C. Lillie, and Byron Lillie to the plaintiff, dated February 16th, 1871. The plaintiff then introduced the decree of confirmation of the District Court of the United States, dated March 3d, 1856, confirming to Pedro J. Vasquez "a portion of a tract called 'Soulajulle,' in Marin County (granted to José Ramon Mesa, March 29th, 1844), and is bounded and described as follows: Bounded on the east by the land owned by Wm. M. Fuller, and running northward and southwardly the entire distance of Wm. M. Fuller's west line, and running out therefrom four miles long and two miles wide; bounded on the north by the Laguna de San Antonio, and south by the tract of land called Nicasio; reference, for a more particular description, to be had to the grant, map, and transfer filed in the case ; provided, that the land above described be found within the exterior boundaries of the said original grant made to José Ramon Mesa by Governor Manuel Micheltorena, on the 29th day of March, 1844; but, if the whole of the above described land be not found within the exterior boundaries of said original grant, then only such quantity thereof as may be found therein is herein confirmed."

Vasquez' petition for confirmation was also offered in evidence, in which he states that Mesa, on the 28th day of March, 1850, conveyed to him twelve square miles of the

grant "Soulajulle," and that the said grant was of three square leagues. Plaintiff then introduced a deed from Vasquez to Lewis Lillie, dated November 23d, 1858, conveying all Vasquez' interest in the grant. This was all the evidence.

The plaintiff was nonsuited, and appealed.

*John Wilson* and *C. T. Botts*, for Appellant.

The record establishes the confirmation of the grant. This is the necessary result of the decree rendered by the United States District Judge on the 3d of March, 1856.

The Government of the United States, by conquest or by treaty, acquired title to all the lands in California belonging to the Federal Government of Mexico. The chief object to be attained by the Act of the 3d of March, 1851, was to enable the Government to distinguish the public from the private lands in California. For this purpose, the Federal Government appointed Commissioners, to whom claimants were invited to present the evidence of their titles. Of course Congress had no power to compel such an exhibition; and so this Court decided in *Minturn* v. *Brower*, and in *Stevenson* v. *Bennett*. As an inducement to such presentation, the Act makes the favorable report of the Commissioners an estoppel to any claim upon the part of the United States; and the powers of the Commissioners, original and appellate, are limited to the single question of the validity of the Mexican grant. Nothing is more absurd than to talk about a confirmation of a portion of a grant. The grant is an entirety, and it was either entirely valid or entirely invalid. When the claim was presented by other than the grantee the Commission required evidence of some interest in the party presenting, but any showing was sufficient for the purpose. Pedro Vasquez appeared before the District Court, representing that he had an interest in a tract of land granted to Ramon Mesa. This put the grant before the Commissioners, and it became their duty to decide whether

the title to the tract remained in the Mexican Government at the time of cession, or whether it had previously become private property. The validity of the grant was the only matter over which the District Judge had jurisdiction, and either he confirmed the grant, or his action was utterly abortive and the whole proceeding a nullity; for certain it is, that except for the purpose of showing that Vasquez had such an interest as authorized him to present the grant, the Judge had no power to deal with the conveyance of Mesa to Vasquez. (*Castro* v. *Hendricks*, 23 Howard; *United States* v. *Sutter*, 21 Howard, 170; *United States* v. *Vallejo*, 1 Black. 283.)

*Gray & Havens*, and *F. D. Colton*, for Respondents.

The nonsuit was properly granted, because the plaintiff proved no title or prior possession in himself, and failed to prove any ouster or any possession by defendants of the tract confirmed. The confirmation of one portion of a granted tract of land will not operate to the benefit of any other person claiming another section, and who has not filed a petition for confirmation. Each claimant must present his own claim, and a confirmation to one claimant will not be equivalent to a confirmation to another claimant, even under the same grant. (39 Cal. 235, 239; 13 Wallace, 480; 9 U. S. Statutes at Large, 331.) The confirmation to Vasquez extends only to the land claimed by him. (21 How. 477; 19 Cal. 248; 21 Cal. 571; 39 Cal. 235; 26 Cal. 123.) It nowhere appears that the land described in the complaint is within the boundaries of the Soulajulle grant. The defendants deny the grant of the lands described in the complaint, and the plaintiff should have proved that the boundaries given in the grant and those given in the complaint are the same.

By the COURT:

The confirmation upon which the plaintiff relies was of a portion of the Soulajulle Rancho, described in the decree as " bounded on the east by the land owned by William M. Fuller, and running northward and southwardly the entire distance of William M. Fuller's west line, and running out therefrom four miles long and two miles wide; bounded on the north by the Laguna de San Antonio, and south by the tract of land called Nicasio."

The description of the land sued for, as contained in the complaint, is set out by calls and distances—there is no apparent identity between the tract confirmed and the tract sued for, and no attempt was made at the trial to show that the land, as described in the complaint, was included in the decree of confirmation. Even assuming, therefore, that by their answers the defendants admitted themselves in possession of portions of the general tract described in the complaint, the judgment of nonsuit rendered on the ground *that no ouster had been proven* was correct; for, taking the admissions upon that point in connection with the complaint, and all the evidence offered, it did not in anywise appear that the land in possession of the defendants was a part of the land confirmed to Vasquez, under whom the plaintiff claimed title. It is indispensable to a recovery in ejectment that it should in some way appear that the defendants were, at the commencement of the suit, in possession of some part of the tract to which the plaintiff establishes his title.

It was claimed in argument, that the confirmation to Vasquez, though in terms for but a portion of the large tract called Soulajulle, was, in effect, an adjudication that the grant to Mesa was a valid grant to the entire tract, including that portion outside as well as that within the tract confirmed to Vasquez, and had the effect to confirm to Mesa and his grantees the entire tract, notwithstanding no claim for the

confirmation thereof was ever presented to the Land Commission.   But this view is wholly inadmissible, and if maintained would contravene the practice uniformly pursued under the Act of March, 1851, and would necessarily reopen most of the questions concerning the boundaries of Mexican grants which it has been the effort of the Government for the last twenty years to settle and definitively determine.

Judgment affirmed.